F. A. MILLER, *Appellant*, v. JOHN T. WALBRIDGE ENGINEERING COMPANY, a Corporation, Trustee, NAPLES TAMIAMI REALTY COMPANY, a Corporation, and F. L. MILES, individually and as agent for NAPLES TAMIAMI REALTY COMPANY, a Corporation, *Appellees*.

Division B.

Opinion filed April 2, 1929.

*Clements, Clements & Craven* for Appellant;

*Henderson, Franklin & Christie,* for Appellees.

BUFORD, J.—This is an appeal from the order of the Chancellor dissolving a temporary injunction. The order appealed from is as follows:

This matter coming on to be heard upon motion of the defendants, F. L. Miles and Naples Tamiami Realty Company, a corporation, to dissolve the temporary in-

junction heretofore issued in said cause, and the matter being presented to the court, and the court having considered the bill of complaint, the answer of such defendants, the affidavits filed in behalf of such defendants and the oral testimony and the exhibits of the complainant, and the court being advised of its judgment in the premises, it is thereupon

ORDERED, ADJUDGED AND DECREED that the temporary injunction, or restraining order, heretofore issued in said cause, be, and the same is hereby dissolved as against the said defendants, Naples Tamiami Realty Company, a corporation, and F. L. Miles, individually and as agent for Naples Tamiami Realty Company, a corporation. Exception is noted for the complainant.

The complainant having announced his intention to appeal from this order of the court, it is thereupon ORDERED that the order herein made, dissolving such temporary injunction, be superseded upon the said complainant tendering and filing in said cause a supersedeas bond in the amount of One Thousand Dollars ($1,000.00), with good and sufficient sureties thereon.

DONE AND ORDERED at Fort Myers, Florida, this 18 day of June, A. D. 1927.''

It will be observed that the order of the Chancellor as stated therein is based upon the consideration of certain matters, such language being as follows: ''And the court having considered the bill of complaint, the answer of such defendants, the affidavits filed in behalf of such defendants and the oral testimony and the exhibits of the complainant.''

The oral testimony referred to in the order as forming a part of the basis upon which the order is made is not

found in the transcript of the record, and, therefore, this Court is not in a position to say that the Chancellor committed error in entering such order. For the reasons stated, the order appealed from should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.